COUNES v. CRANIDES et al.

(Supreme Court, Appellate Division, First Department. February 11, 1916.)

1. ACCOUNT ☞18—CORRECTNESS OF ITEMS—SUFFICIENCY OF EVIDENCE.

In an action for an accounting, evidence as to two items held insufficient to sustain the judgment entered on report of a referee.

[Ed. Note.—For other cases, see Account, Cent. Dig. §§ 89–93; Dec. Dig. ☞18.]

2. COSTS ☞230—BOTH PARTIES PREVAILING.

Where the judgment in an action for an accounting is affirmed in the main, but modified as to the personal liability to plaintiff of a defendant, judgment will be entered in such defendant's favor, without costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 869–876; Dec. Dig. ☞230.]

Appeal from Judgment on Report of Referee.

Action by George Counes against Charles Cranides and William Vanech. From a judgment entered on report of a referee, defendants appeal. Judgment modified and affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

Harry M. Marks, of New York City, for appellants.
Samuel L. Wallerstein, of New York City, for respondent.

DOWLING, J. [1, 2] There are but two particulars in which we deem the judgment appealed from to be incorrect:

(1) William Vanech has been charged, equally with Cranides, with responsibility for a total amount of $9,993.75. Included in this is the sum of $1,550 received from the sale of the Michigan state rights. There is no testimony that Vanech ever received that sum; he posi-

tively denies his receipt of it, and his testimony was unshaken on cross-examination. Cranides admits that he personally received it. Against this direct proof, no mere inference or speculation can prevail. While Cranides was properly held liable to account for the sum of $9,993.75, Vanech can be held accountable only for that sum less $1,-550, or $8,443.75. As the referee has found that the defendants have properly accounted for the sum of $8,864.21, defendant Vanech was not personally liable to plaintiff in any sum whatever, and was entitled to judgment in his favor, but, under all the circumstances of the case, without costs.

(2) The referee refused to allow the defendant Cranides credit for the sum of $300 which he paid as a deposit on the lease of the Garrick Theater, at St. Louis, Mo. It was intended to give an exhibition of the moving pictures in question at that house, but between the paying of the deposit and the date fixed for the opening of the display the rights to the pictures for the state of Missouri were sold for the sum of $5,000. Cranides testified that he transferred the deposit paid to purchasers of the state rights, and that he never received back this sum of $300, as to the payment of which by him for the partnership account there is no question. There is no reason to doubt his denial of the repayment to him of this sum, and the finding that the sum of $300 "was returned to him by the people who purchased the state rights of Missouri, when he turned over to them the receipt for the $300," is without evidence to support it. Cranides is entitled to credit for this $300, which will reduce the personal judgment against him to the sum of $453.77.

The results thus reached will require the following changes in the decision and judgment:

Findings of fact:

(9) Exclude from amount for which both defendants are liable the sum of $1,550, sale of Michigan state rights, making total charged against both $8,-443.75. Add thereto the finding that defendant Cranides is further liable for the sum of $1,550 received from sale of Michigan state rights, making his total liability $9,993.75.

(17) Omit all after the words "St. Louis, Mo."

(18) Add: "Paid on account of rent of Garrick Theater, St. Louis, Mo., $300"—making the total payments $9,164.21.

(19) Make the charges against Vanech $8,443.75, and against Cranides $9,-993.75, the total credits $9,164.21, and the balance, $829.54, in the hands of Cranides only.

(20) Make the amount converted by Cranides (after deducting $78) $751.54, whereof one-half, or $375.77, plus $78, making a total of $453.77 is due to plaintiff from defendant Cranides.

Conclusions of law:

(1) Defendants Cranides and Vanech to be charged with $8,443.75, and Cranides with $1,550 in addition, in all $9,993.75, against which is to be credited $9,164.21, leaving the balance in the hands of Cranides $829.54.

(2) Defendant Cranides has converted to his use $829.54.

(3) Amount was converted by Cranides only.

(4) This should conform to the amended twentieth finding of fact.

(5) Plaintiff is entitled to recover from the defendant Cranides the sum of $453.77. Defendant Vanech is entitled to judgment in his favor.

The judgment should be modified, by providing that the report of the referee is confirmed, except as modified in the foregoing particulars,

as to which the exceptions are sustained; by adjudging that plaintiff have final judgment against the defendant Cranides only in the sum of $453.77, with costs and disbursements as taxed, making a total of $935.80; and by adjudging that defendant Vanech is entitled to judgment in his favor, without costs. As thus modified, the judgment will be affirmed, without any costs in this court. All concur.